**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

IN RE: JAYEL CORPORATION                            CASE NO. 5:10-bk-71120
                                                    Chapter 11

## ORDER ON AUTHORITY TO USE CASH COLLATERAL

ON the 12th day of May, 2010, the Debtor's Motion to Use Cash Collateral ("Motion") was presented to the Court. After reviewing the file, and based upon the agreement of the parties as announced, the Court hereby finds:

1.      This Court has jurisdiction over this chapter 11 Case and the Motion pursuant to 28 U.S.C. Section 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. Section 157(b) (2). Venue is proper in this Court.

2.      The Debtor filed its voluntary petition on March 5, 2010 ("petition date").

3.      Debtor filed its Motion for Authority to Use Cash Collateral on the same day.

4.      First National Bank of Rogers ("Bank") filed its Objection on March 17, 2010, ("Objection").

5.      The Bank asserts it is a properly perfected secured creditor in the majority, if not all, of the Debtor's real estate and holds an assignment of rents and profits being generated from the majority of the Debtor's real estate.

6.      The Bank further asserts that there was due and owing from the Debtor, as of the petition date, the sum of $9,756,422.31, with interest costs and fees continuing to accrue thereon.

The indebtedness is represented by six (6) different promissory notes.

7. The Bank asserts, that the rents and profits generated from the Debtor's real estate constitute "Cash Collateral" in which the Bank claims an interest, within the meaning of 11 USC § 363(a).

8. Specifically, the Debtor will only be allowed to use the cash collateral as follows:

a) To pay normal business expenses which include, without limitation, such things as repairs, utilities, maintenance, taxes, and overhead. Those items are set forth in a budget attached hereto as Exhibit "A". The Debtor reserves the right to amend the budget from time to time as the case progresses;

b) Debtor shall not use cash collateral to pay any prepetition debt.

9. As adequate protection, the Debtor shall make an interest payment to the Bank in the amount of $60,000 on or before May 17, 2010 and $40,000 on or before the 17th day of each month thereafter until the plan is confirmed.

10. As additional adequate protection, the Bank shall be granted a post-petition replacement lien on the same collateral and to the same extent, validity and priority that the Bank had on the petition date.

11. The Debtor and the Bank reserve all rights regarding this Chapter 11 bankruptcy.

IT IS SO ORDERED.

_____
THE HONORABLE BEN T. BARRY

DATE: May 19, 2010

EOD 5/19/2010
by B Greene

Approved as to Form and Content:

/S/ Lance Miller
Lance Miller for First National Bank Fort Smith
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, AR   72201-3525


/s/ Rick Sforzini
Rick Sforzini, for the U.S. Trustee
OFFICE OF THE U.S. TRUSTEE
200 W. Capitol, Suite 1200
Little Rock, Arkansas 72201


/s/ Donald Brady
Donald Brady, for Debtor
BLAIR & BRADY
109 N. 34th Street
P.O. Box 1715
Rogers, Arkansas 72756